James G. Snell, Bar No. 173070
JSnell@perkinscoie.com
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, California 94304-1212
Telephone: +1.650.838.4300
Facsimile: +1.650.838.4350

Ellie Chapman, Bar No. 305473
EChapman@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: +1.206.359.8000
Facsimile: +1.206.359.9000

Attorneys for Defendant Amerit Fleet Solutions, Inc.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

ANGEL JIMENEZ, on behalf of himself and all others similarly situated,

Plaintiff,

v.

AMERIT FLEET SOLUTIONS, INC.,

Defendant.

Case No. 3:24-cv-03315-MMC

**[PROPOSED] ORDER GRANTING AMERIT FLEET SOLUTIONS, INC.'S MOTION TO COMPEL INDIVIDUAL ARBITRATION AND DISMISS PUTATIVE CLASS CLAIMS**

| | |
|---|---|
| Date: | Oct. 18, 2024 |
| Time: | 9 a.m. |
| Judge: | Maxine M. Chesney |
| Trial Date: | TBD |
| Date Action Filed: | June 3, 2024 |

Upon consideration of the papers submitted in support of and in opposition to Amerit Fleet Solutions, Inc.'s ("AFS'") Motion to Compel Individual Arbitration and Dismiss Putative Class Claims (the "Motion"), any oral argument presented by the parties, and all other matters properly before the Court, IT IS HEREBY ORDERED that AFS' Motion is GRANTED, Plaintiff's individual claims are STAYED pending arbitration, and Plaintiff's putative class claims are DISMISSED with prejudice.

Plaintiff Angel Jimenez ("Jimenez") and AFS agreed to arbitrate the individual claims in Jimenez's Complaint, and Jimenez waived his class claims. The Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16 and other applicable law require Jimenez to honor that agreement. Other courts have recently compelled individual arbitration of plaintiffs' claims pursuant to the very same arbitration agreement at issue here (the "Mutual Agreement to Arbitrate Claims" or the "MAAC"), finding that the agreement is valid and enforceable under the FAA. *See* Declaration of James G. Snell ("Snell Decl.") ¶ 3, Ex. 1 (Minute Order, *Tucker v. Amerit Fleet Sols., Inc.*, No. 21STCV22266, 2021 Cal. Super. LEXIS 101714 (Cal. Super. Ct. Oct. 15, 2021) (granting AFS' motion to compel arbitration)); *id.* ¶ 4, Ex. 2 (Minute Order, *Felix v. Amerit Fleet Sols., Inc.*, No. 21STCV14498, 2021 Cal. Super. LEXIS 84670 (Cal. Super. Ct. Nov. 22, 2021) (granting AFS' motion to compel individual arbitration of plaintiffs' claims in putative class action because plaintiffs agreed to the MAAC)).

Here, Jimenez consented to the MAAC by electronically signing it on December 10, 2022. The MAAC requires arbitration of any disputes arising out of or relating to Jimenez's employment. Declaration of Jennifer Stephens ("Stephens Decl.") ¶ 12, Ex. 1. This broad language encompasses the data breach claims Jimenez alleges in the Complaint, which all arise because Jimenez was an AFS employee, and AFS collected and stored his personal information in connection with his employment there. *See, e.g.*, *Varela v. Lamps Plus, Inc.*, No. CV 16-577, 2016 WL 9110161, at *4 (N.D. Cal. July 7, 2016), *aff'd*, 701 F. App'x 670 (9th Cir. 2017), *rev'd on other grounds*, 587 U.S. 176 (2019); *Saunders v. Collabera, Inc.*, No. 20-CV-15207, 2021 WL 3291685, at *4 (D.N.J. July 31, 2021). Jimenez and AFS also agreed to arbitrate any dispute between Jimenez and "any other person" where Jimenez seeks to hold AFS liable on account of that other person's conduct.

Stephens Decl. ¶ 12, Ex. 1. Here, Jimenez is trying to hold AFS liable for the conduct of the third party who accessed AFS' network systems without authorization, so the MAAC applies for this independent reason as well.

By consenting to the MAAC, Jimenez also expressly agreed to waive his right to pursue class or representative actions in court or in arbitration. *Id.* The class action waiver must be enforced as written. *See AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 340-351 (2011); *see, e.g., Baer v. Tesla Motors, Inc.*, No. 23-CV-02274, 2024 WL 3641393, at *4 (N.D. Cal. Aug. 1, 2024) (compelling individual claims to arbitration but dismissing class claims where arbitration agreement contained clear class action waiver).

For these reasons, Jimenez's individual claims are hereby compelled to arbitration, and Jimenez's putative class claims are dismissed with prejudice. Accordingly, the Court stays Jimenez's individual claims in this Court pending resolution of the arbitration.

**IT IS SO ORDERED.**

Dated: ____________, 2024

By: ______________________________
HON. MAXINE M. CHESNEY
JUDGE OF THE U.S. DISTRICT COURT